United States District Court
Southern District of Texas

**ENTERED**

December 08, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| BRITTANY AUSTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-03060 |
| KHILUV LOGISTICS, LLC, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

This case arises out of the ending of a business and personal relationship between the plaintiff, Brittany Auston, and the owner of the company that Ms. Auston formerly worked for, Khiluv Logistics. Khiluv Logistics is a trucking company. Kendrick Benford, Khiluv Logistics's owner, is not a party to this action. Auston drove a truck that Benford owned as part of Khiluv Logistics from February 2022 to October 2022. (Docket Entry No. 1 ¶ 6). Auston alleges that after her personal relationship with Benford soured, he began to sexually harass her, interfere with her work, and withheld her last paycheck in retaliation. (*Id*. ¶¶ 8-17).

Auston sues Khiluv Logistics under the Fair Labor Standards Act, U.S.C. §§ 201-219 ("FLSA"). She asserts a misclassification claim, a minimum wage violation claim, and recordkeeping violations claims. 29 U.S.C. §§ 206(a), 207(a), 211(c). Auston also asserts claims for sex discrimination, including a hostile work environment claim, a sexual harassment claim, and a retaliation claim, under Chapter 21 of the Texas Labor Code, §§ 21.141-21.142, § 21.051, and § 21.055, ("Texas Labor Code").

Khiluv Logistics now moves for summary judgment.  It argues that Auston's claims fail because she functioned as an independent contractor, rather than as an employee, and Khiluv Logistics properly classified her as such.  It also argues that Auston's claims fail because Khiluv Logistics does not satisfy the numerosity requirements of the Texas Labor Code for retaliation and gender discrimination claims.

Based on the record, the motion, and the applicable law, the court grants Khiluv Logistics's motion for summary judgment as to Auston's claims under the Texas Labor Code, § 21.051 and § 21.055.  The motion for summary judgment is denied as to Auston's claims under the FLSA and the Texas Labor Code § 21.142.  The reasons for these rulings are set forth below.

## I.    Background

Auston and Benford were in an intimate relationship when Auston began working for Khiluv Logistics in February 2022. (Docket Entry No. 1 ¶ 7).  Auston got a commercial driver's license and Benford bought a truck for Auston to drive.  (Docket Entry No. 35 at 6).  Auston began working for Khiluv Logistics under the terms of an "Independent Driver Agreement" under which Benford and Auston would evenly divide profits and losses.  (Docket Entry No. 34-1 at 9).  The agreement stated that Auston would evenly divide all approved expenses, and that Auston would be paid on the 1st and 15th of each month.  (*Id.*).

In late July or early August 2022, Auston and Benford ended their sexual relationship. (Docket Entry No. 1 ¶ 8).  Auston alleges that Benford then began to sexually harass her, by: watching her at all times through a dash camera inside the cab of her truck; asking her to engage in sexual activity while she was working; calling her degrading names; and sending her inappropriate text messages and photos of himself.  (Docket Entry No. 1 ¶¶ 8-14).  Auston alleges that Benford retaliated against her for ending the sexual relationship by cancelling her

work assignments, leading to a loss in the money paid to Auston.  (*Id.* ¶ 16).   In September

2022, Auston entered into a new agreement with Khiluv Logistics, under which she received

23% of the "income" and did not share in the losses of the business.  (Docket Entry No. 35-6).

Auston asserts that she entered into this second agreement because she was not making enough

money to live on, despite working 60 hours each week or more for Khiluv Logistics.  (Docket

Entry No. 35 at 15-17).  Auston alleges that at the end of October 2022, she stopped working for

Khiluv Logistics because of Benford's harassment. (Docket Entry No. 1 ¶ 16).  Auston alleges

that Benford retaliated against her for leaving and ending their sexual relationship by having

Khiluv Logistics withhold her last paycheck and refusing to compensate her for all of the hours

she worked.  (*Id.* ¶ 31).

## II.    The Legal Standards

Summary judgment is appropriate where 'the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Springboards*

*to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022)

(quoting FED. R. CIV. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a

factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party."  *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting

reference omitted).  The moving party "always bears the initial responsibility of informing the

district court of the basis for its motion[] and identifying" the record evidence "which it believes

demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary

judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the

3

burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## III.    Analysis

### A.    FLSA Claim

"Since the FLSA is limited to employees, an employer can avoid [its] requirement[s] by establishing that a particular person is an independent contractor rather than an employee." *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1188 (5th Cir. 1979). The Fifth Circuit

uses the "economic reality" test to determine whether a worker is an employee or an independent

contractors. *Flores v. FS Blinds, L.L.C.*, 73 F.4th 356, 365 (5th Cir. 2023).  "In determining

whether workers are employees or independent contractors, the pertinent question is whether the

alleged employees, as a matter of economic reality, are economically dependent on the business

to which they supply their labor and services, or are in business for themselves." *Id.* (quotation

marks and quoting reference omitted) (alterations adopted). Courts consider the following non-

exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of

the relative investments of the worker and the alleged employer; (3) the degree to which the

worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and

initiative required in performing the job; and (5) the permanency of the relationship.  *Id.*

Courts "do not consider labels attached to the relationship by the alleged employees or

employer unless they mirror economic reality." *Id.* (quotation marks and quoting reference

omitted). "[I]t is not what the [parties] could have done that counts, but as a matter of economic

reality what they actually do that is dispositive." *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042,

1047 (5th Cir. 1987); *see also Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1312 (5th Cir.

1976) ("It is not significant how one 'could have' acted under the contract terms. The controlling

economic realities are reflected by the way one actually acts.").

Khiluv Logistics claims that it viewed Auston as Benford's "partner" in the business.

(Docket Entry No. 34 at 5; Docket Entry No. 35-1, 14:10-12).  Khiluv Logistics contends that at

all times, Auston was an independent contractor and not its employee, and that Auston

understood herself to be a 1099 worker, as reflected in the agreements she executed with Khiluv

Logistics.  (Docket Entry No. 34 at 5).  By contrast, Auston argues that while both agreements

stated that she was an independent contractor, under the terms of the second agreement, Auston

did not share in the losses, only the income of the business.  Auston contends that regardless of the language of the agreements, she was an employee of Khiluv Logistics during the final two months of her employment, which she states is the relevant time period for her sexual harassment and FLSA claims.  (Docket Entry No. 35 at 12).  The court agrees that this is the relevant period for both sets of claims.  The claims are limited to this period only.

"The contractual designation of the worker as an independent contractor is not necessarily controlling." *Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 845-46 (5th Cir. 2010).  Auston is correct that the fact that the agreements classified her as an independent contractor or an employee not dispositive.  Whether Auston was an independent contractor or an employee is determined by an objective test.  Khiluv Logistics argues that under the Fifth Circuit "economic realities" test, Auston still cannot show that she was an employee rather than an independent contractor.  Khiluv Logistics cites to facts showing that Auston was able to negotiate a change in her share of the profits and losses, as reflected by the parties' entering into the second agreement, Auston retained the ability to decide which loads she would ultimately take, determine her work schedule, negotiate rates with customers, hire others to do her work as sub-contractors; and work for herself or for other businesses on the "side."  (*Id.* at 7-8).  Khiluv Logistics contends that these aspects of the parties' relationship show, as a matter of law, that Auston was an independent contractor, rather than an employee protected by FLSA.

By contrast, Auston argues that she was an employee, rather than an independent contractor, because she was never a partner in the business and she considered Benford to be her boss. (Docket Entry No. 35 at 5-6).  She states that she was paid with "paychecks" that did not represent the true value of the income that she was entitled to receive under the parties' agreement.  (*Id.*  at 7, 13).  Auston contends that Benford retained a high degree of control over

which loads she was permitted to take, canceling loads, and otherwise "micromanaging" the loads she accepted. (*Id.* at 7; Docket Entry No. 34-1, 25:16-19). Finally, Auston contends that Benford set her work schedule. (*Id.* at 9).

In its reply, Khiluv Logistics argues that the Fifth Circuit's decision in *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158 (5th Cir. 1986), is "almost directly on point." (Docket Entry No. 36 at 5). In *Broussard*, the Fifth Circuit held that the plaintiff, a female truck driver alleging sex discrimination against one of the nine companies she and her husband provided trucking services for, was an independent contractor and not an employee under the "economic realities" test. *Broussard*, 789 F.2d at 1160-61. The court disagrees that this case is dispositive. There are several key factual differences between *Broussard* and here, including: that the plaintiff in *Broussard* worked for multiple other businesses, and the defendant hired multiple other truck companies, while Auston worked for no other businesses and Khiluv Logistics employed no other truckers; that the *Broussard* plaintiff and her husband owned the truck that they drove, where the truck Auston drove was owned by Khiluv Logistics; and that the *Broussard* plaintiff was not paid directly by the defendant, while Auston was paid directly by Khiluv Logistics's owner. While the Fifth Circuit held that *Broussard* was not an employee because "she [did] not really claim direction on how to operate her truck" by the defendant, the court also expressly stated that its holding was based on all of the facts surrounding the relationship between the plaintiff and the defendant – including facts that are materially dissimilar from those at hand. *Id.* at 1161.

Khiluv Logistics also lists a number of other cases where courts in the Fifth Circuit, or the Fifth Circuit itself, has determined that plaintiffs who are workers are independent contractors and not employees. (Docket Entry No. 36 at 6). It contends that these cases are

controlling and constitute a "tsunami of case law support[ing] Defendant with respect to drivers being independent contractors." (*Id.*). The court notes that none of these cases have found that as a matter of law, drivers or truckers are necessarily independent contractors rather than employees. Rather, in each case, the respective court engaged in a fact-intensive analysis under the economic realities test to determine whether the plaintiff was an employee or an independent contractor. For example, in *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299 (5th Cir. 1998), the Fifth Circuit held that a driver for a delivery service was an independent contractor because the service's drivers: set their own hours and days of work and could reject deliveries without retaliation; could work for other courier delivery systems; provided all of their own equipment and were responsible for all maintenance and care of their vehicles; were compensated on a commission basis; were not told which routes to take; and only worked for the service for short periods of time on average. While some aspects of the relationship between the plaintiff and defendant are similar to Auston's relationship with Khiluv Logistics, others are dissimilar. Neither this case, nor the other district court cases that Khiluv Logistics string-cites in its brief, are controlling.

Summary judgment is not appropriate because the record reflects factual disputes as to material facts that are essential to determining whether Auston was an independent contractor or an employee under the "economic realities" test. These disputes include: the extent to which Auston could negotiate or otherwise determine her pay; the extent to which the payments Auston received were "paychecks" rather than a percentage of the business's income; the degree of control that Khiluv Logistics had over Auston's daily work; and the extent to which the parties agreed that Auston would be a "partner" to the business. Khiluv Logistics has not demonstrated an absence of genuine factual disputes material to determining the critical issues in this case.

**B.    Texas Labor Code Claims**

Chapter 21 of the Texas Labor Code is commonly known as the Texas Commission on Human Rights Act.  Auston alleges sexual harassment by an employer pursuant to §§ 21.141-21.142 of the Texas Labor Code; sex discrimination by an employer in violation of § 21.051 of the Texas Labor Code; and retaliation by an employer under § 21.055 of the Texas Labor Code. Khiluv Logistics disputes whether it was Auston's employer such that she may avail herself of relief under the Texas Labor Code.

"[U]nder § 21.051, a plaintiff can allege that her employer engaged in sex discrimination so pervasive that it constituted sexual harassment and created a hostile work environment." (citing Tex. Lab. Code Ann. § 21.051).  Under § 21.055, employees are protected against retaliation by employers after engaging in protected activities, including: (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing. Tex. Lab. Code Ann. § 21.055.  However, for all provisions other than § 21.142, which will be discussed in more depth below, the Act applies to employers that have at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Tex. Lab. Code Ann. § 21.002(8).  Auston does not dispute that Khiluv Logistics had no other employees.  (Docket Entry No. 34-1, 41:11-17).  Thus, her claims under § 21.051 and § 21.055 must be dismissed because Khiluv Logistics does not meet the definition of an employer.

"Under § 21.142, a plaintiff can assert that her employer failed to remedy known sexual harassment." *Brown-Steffes v. Avis Budget Grp., Inc.*, 2023 WL 6386510, at *3 (N.D. Tex. Sept. 29, 2023) (citing Tex. Lab. Code Ann. § 21.042).  § 21.141 defines an employer for the purpose of § 21.142 as a person who employs one or more employees. Tex. Labor Code Ann. § 21.141.

The question is whether Auston was Khiluv Logistics's employee.  Khiluv Logistics argues that for the purpose of Auston's sexual harassment claims under § 21.142 of the Texas Labor Code, her status as an employee or an independent contractor should be analyzed under a "hybrid realities/common law control test."  (Docket Entry No. 34 at 11).  Auston agrees that this test applies.

Circuit precedent establishes that claims under the Act are analyzed under the same standard as Title VII claims.  *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (citations omitted).  However, "[t]o establish liability, an employee must first demonstrate the existence of an employment relationship with [the] defendant." *Hernandez v. Ho'olaulima Gov't Sols., LLC*, 2024 WL 3648280 (W.D. Tex. Aug. 2, 2024) (citing *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021)).  The court agrees that the hybrid economic realities/common law control test controls.  The first part of this test "asks whether putative employees, 'as a matter of economic reality, are dependent upon the business to which they render service.'" *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 434 (5th Cir. 2013) (quoting *Diggs v. Harris Hospital-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988)).  The second part of the test is widely considered to be the more important part: the employer's "right to control an employee's conduct." *Deal v. State Farm Cnty. Mut. Ins. Co.,* 5 F.3d 117, 119 (5th Cir. 1993) (citing *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990)).

As to the second factor, as discussed previously, there are factual disputes as to the extent to which Khiluv Logistics controlled Auston's work on a day-to-day basis.  While Auston contends that Benford exerted a significant amount of control over the loads she took, the hours she worked, and the time she started and ended her workday, Khiluv Logistics claims that

Auston worked independently, with little oversight or supervision.  The degree of control that

Khiluv Logistics exerted over Auston's work cannot be determined as a matter of law.

## IV.    Conclusion

The motion for summary judgment is granted as to Brittany Auston's claims under Texas

Labor Code § 21.051 and § 21.055.  The motion for summary judgment is denied as to Brittany

Auston's claims under FLSA and the Texas Labor Code § 21.142.

SIGNED on December 8, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

11